UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**TODD M. HARPER,** in his personal capacity and in his official capacity as a Member of the National Credit Union Administration Board,
    1775 Duke Street
    Alexandria, VA 22314

**TANYA F. OTSUKA,** in her personal capacity and in her official capacity as a Member of the National Credit Union Administration Board,
    1775 Duke Street
    Alexandria, VA 22314

              *Plaintiffs*,

      -against-

**SCOTT BESSENT,** in his official capacity as Secretary of the Treasury,
    1500 Pennsylvania Avenue, N.W.
    Washington, D.C. 20220

**LARRY FAZIO,** in his official capacity as Executive Director of the National Credit Union Administration,
    1775 Duke Street
    Alexandria, VA 22314

**KYLE S. HAUPTMAN,** in his official capacity as Chairman of the National Credit Union Administration Board,
    1775 Duke Street
    Alexandria, VA 22314

**TRENT MORSE,** in his official capacity as Deputy Assistant to the President and Deputy Director of the White House Presidential Personnel Office,
    1600 Pennsylvania Avenue, N.W.
    Washington, D.C. 20500

**DONALD J. TRUMP,** in his official capacity as President of the United States,
    1600 Pennsylvania Avenue, N.W.
    Washington, D.C. 20500

              *Defendants*.

Civil Action No. __25-CV-1294__

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**PRELIMINARY STATEMENT**

1. This case challenges the patently unlawful removal of two Senate-confirmed Members of the Board of an independent agency tasked with core functions instrumental to well-functioning financial markets: the National Credit Union Administration (NCUA). The President terminated the terms of Plaintiffs Todd M. Harper and Tanya F. Otsuka in the middle of their fixed terms as members of the Board of the NCUA, without explanation and without any cause. That termination disregards the protections Congress established to preserve the Board's independence and threatens the integrity of a vital federal financial regulator.

2. Created by Congress in 1970, the NCUA is an independent federal agency that insures the deposits of over 4,000 federal credit unions and protects more than 142 million Americans who rely on a credit union for financial services. The NCUA, which safeguards over $2 trillion in assets, stands alongside the Federal Deposit Insurance Corporation and the Federal Reserve System among the Nation's core financial supervisory agencies. Congress structured all three agencies to operate independently for good reason: a stable financial system depends on independent regulators who act free from political interference, guided by expert judgment in line with statutory mandate.

3. The NCUA's organic statute, the Federal Credit Union Act, vests its management in a three-member Board serving staggered six-year terms. By statute, no more than two members may belong to the same political party, a requirement intended to ensure bipartisan representation. This structure promotes continuity, expertise, and independence, and helps insulate credit-union oversight from the shifting priorities of electoral politics.

4. During the Board's nearly fifty years of existence, the President has never removed a Member whose term had not yet expired. President Trump's unprecedented removal of Mr.

Harper and Ms. Otsuka violates Congress's mandate and has left the Board without a quorum. Plaintiffs seek declaratory and injunctive relief to restore the Board's lawful composition and preserve the independence Congress mandated.

## THE PARTIES

5. Plaintiff Todd M. Harper is a member of the Board of the NCUA.

6. Plaintiff Tanya F. Otsuka is a member of the Board of the NCUA.

7. Defendant Scott Bessent is the Secretary of the Treasury. He is sued in his official capacity.

8. Defendant Larry Fazio is the Executive Director of the NCUA. He is sued in his official capacity.

9. Defendant Kyle S. Hauptman is the Chairman of the Board of the NCUA. He is sued in his official capacity.

10. Defendant Trent Morse is the Deputy Assistant to the President and Deputy Director of the White House Presidential Personnel Office. He is sued in his official capacity.

11. Defendant Donald J. Trump is the President of the United States and is ultimately responsible for removing Mr. Harper and Ms. Otsuka from their office. He is sued in his official capacity.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action for declaratory and injunctive relief under 28 U.S.C. §§ 1331, 1361.

13. Venue is proper in this District under 28 U.S.C. § 1391(e).

## STATUTORY BACKGROUND

14. Congress enacted the Federal Credit Union Act during the Great Depression to expand access to affordable credit at a time when traditional lenders shut out working Americans. *See* S. Rep. No. 555, 73d Cong., 2d Sess. 1, 3 (1934). The Act created a system of member-owned, not-for-profit credit unions. Oversight of these financial institutions shifted among federal agencies until 1970, when Congress created the NCUA as an "independent Federal Agency for the supervision of federally chartered credit unions." Pub. L. No. 91-206, 84 Stat. 49 (1970).

15. When created, the NCUA was led by a single "Administrator," assisted by an advisory board composed of a Chair and one member from each of the federal credit union regions. *Id.* at 50. Appointed by the President with the "advice and consent of the Senate," the Administrator then functioned as the "chief executive officer" of the NCUA and, together with the Chair of the advisory board, "serve[d] at the pleasure of the President." *Id.* The organic statute required advisory board members to be "persons of tested credit union experience," and imposed no limit on how many could belong to the same political party. *Id.*

16. In 1978, Congress replaced the NCUA's leadership structure with the framework that exists today. Congress eliminated the Administrator and advisory board and created a three-member NCUA Board, with each Member appointed by the President, confirmed by the Senate, and serving a fixed, staggered six-year term. *See* 12 U.S.C. § 1752a. Terms thus expire every two years. *Id.* The President designates one Member as Chairman, and no more than two Members may belong to the same political party. *Id.* All members must be "broadly representative of the public interest" and must have experience "relating to a broad range of financial services, financial services regulation, or financial policy." 12 U.S.C. § 1752a(c).

17. In a marked departure from the original statute, which expressly provided that the Administrator and Chair of the advisory board "serve[d] at the pleasure of the President," the 1978

3

amendments provided no such removal authority over Members. As Senator McIntyre, sponsor of the Senate amendment that became § 1752a explained, "the principal thrust of [the] amendment [was] to transfer management of the [NCUA] from a single Administrator who serves at the pleasure of the President to a three-member board with fixed terms of office." 123 Cong. Rec. 27,396 (1977).

18. The D.C. Circuit examined how the 1978 amendments affected the President's removal authority over NCUA Board Members in *Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996). There, although the D.C. Circuit ultimately assumed that NCUA Board Members are removable only for cause, the court discussed the statutory structure and context under applicable law and explained that the 1978 restructuring of the NCUA supported an inference of removal protection during each six-year term. The D.C. Circuit emphasized that Congress had "replaced the NCUA Administrator, who had explicitly served at the pleasure of the President, with a Board composed of three members . . . and deleted all reference to the President's removal powers." *Id.* at 982. The D.C. Circuit traced the shift to Congress's broader effort to align the NCUA with other independent financial regulators, such as the FDIC and the Federal Reserve, where removal protections—express or implied—were widely understood to apply in service of well-functioning markets. *Id.*

## FACTUAL BACKGROUND

19. On or about February 6, 2019, President Donald J. Trump nominated Plaintiff Todd M. Harper to serve a partial term on the NCUA Board. The Senate unanimously confirmed Mr. Harper's nomination by voice vote on March 14, 2019, and he was sworn in on April 8, 2019.

20. On January 20, 2021, President Joseph R. Biden designated Mr. Harper as Chair of the NCUA Board. Later that year, on August 6, 2021, President Biden nominated him for a full

six-year term. The Senate confirmed that nomination by a vote of 59 to 40 on June 8, 2022. Mr. Harper's current term expires on April 10, 2027.

21.     On or about September 21, 2023, President Biden nominated Plaintiff Tanya F. Otsuka to serve as a Member of the NCUA Board. The Senate unanimously confirmed her nomination by voice vote on December 20, 2023, and she was sworn in as a Member of the NCUA Board on January 8, 2024. Her term expires on August 2, 2029.

22.     On April 15, 2025, at 7:00 pm, Trent Morse, Deputy Assistant to the President and Deputy Director of the White House Presidential Personnel Office, sent Mr. Harper an email stating in its entirety: "On behalf of President Donald J. Trump, I am writing to inform you that your position on the National Credit Union Administration is terminated, effective immediately. Thank you for your service." Mr. Harper's access to his government email account had been discontinued earlier that evening, and the message, which was sent to the wrong address, did not reach him until it was forwarded on April 17.

23.     Also on April 15, 2025, at 7:01 pm, one minute after sending an email to Mr. Harper, Mr. Morse sent Plaintiff Tanya F. Otsuka an identically worded email, likewise purporting to terminate her position as a Member of the NCUA Board, "effectively immediately." Again, the email stated only: "On behalf of President Donald J. Trump, I am writing to inform you that your position on the National Credit Union Administration is terminated, effective immediately. Thank you for your service."

24.     The identical, one-sentence emails sent to both Mr. Harper and Ms. Otsuka at the same time on the same day say nothing about the reasons for the termination, and do not attempt to assert a basis for cause. Nor could they.

25. During his tenure as NCUA Chairman, Todd Harper led initiatives that strengthened the credit-union system's resilience, including the implementation of risk-based capital standards, enhancements to liquidity management, and the agency's agile response to the 2023 liquidity crisis. He also advanced cybersecurity oversight through the adoption of a cyber incident reporting rule and the Information Security Examination program, and promoted consumer financial protection by increasing transparency around overdraft and non-sufficient funds fees.

26. Likewise, there was no cause to remove Ms. Otsuka. She was an active partner in ensuring the resilience of the credit union system, supporting small credit unions, and strengthening the agency's operations. Among her many accomplishments, she played a key role in bolstering consumer financial protection and strengthening the agency's underserved area application process to ensure that credit unions provide the required service facilities—an effort aimed at expanding access to financial services for underserved communities.

27. None of these efforts reflected anything other than the faithful execution of the mission Congress entrusted to the NCUA: ensuring the safety and soundness of credit unions, protecting consumers, and promoting public confidence in the credit union system.

28. The President's removal of Mr. Harper and Ms. Otsuka has left the NCUA Board without a quorum, rendering it unable to implement Congress's mandate in full. Only one Board Member, Defendant Kyle S. Hauptman, remains as both the agency's sole Board Member and its Chairman. But the Federal Credit Union Act vests the powers of the agency in "the Board," not in any one individual, with a quorum requiring a majority of the Board. 12 U.S.C. § 1752a(d). And the "agreement of at least two of the three Board members is required for any action by the Board." 12 C.F.R. § 791.2. With only a single Member purporting to exercise authority, the NCUA cannot

continue carrying out the supervisory, regulatory, and institutional functions that Congress intended to be exercised by a Board composed of at least a majority of its Members.

## CLAIMS FOR RELIEF

### COUNT ONE
### *ULTRA VIRES* IN VIOLATION OF STATUTORY AUTHORITY

29. Plaintiffs repeat and incorporate by reference each and every allegation in the preceding paragraphs as if set forth fully herein.

30. Mr. Harper and Ms. Otsuka are entitled under the Federal Credit Union Act to serve the remainder of their terms as Members of the National Credit Union Administration Board. Once confirmed by the Senate, Board Members serve six-year terms and may be removed only for cause. *See* 12 U.S.C. § 1752a(c); *supra*.

31. The restriction against removal conforms to nearly a century of binding Supreme Court precedent upholding materially identical protections for members of multimember boards of independent federal agencies. *Humphrey's Executor v. United States*, 295 U.S. 602 (1935); *Wiener v. United States*, 357 U.S. 349 (1958).

32. President Trump's purported termination of Mr. Harper and Ms. Otsuka was unlawful. Mr. Morse's emails to Plaintiffs provided no explanation or justification for removal, let alone any assertion of cause sufficient to support such action under the governing statute.

33. As a result, the President's termination of Mr. Harper and Mrs. Otsuka is *ultra vires* and a clear violation of the statute.

### COUNT TWO
### ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 706(1) AND 706(2)
(Defendants Bessent, Fazio, Hauptman, and Morse)

34. Plaintiffs repeat and incorporate by reference each and every allegation in the preceding paragraphs as if set forth fully herein.

35. To the extent that Defendants Bessent, Fazio, Hauptman, and Morse exercise authority with respect to, or on behalf of, the National Credit Union Administration Board without regard to Plaintiffs' position as Members, those actions are "not in accordance with the law," "contrary to constitutional right, power, privilege, or immunity," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," and "without observance of procedure required by law." 5 U.S.C. § 706(2).

36. Plaintiffs seek to hold unlawful and set aside such final agency actions, pursuant to section 706 of the Administrative Procedure Act and to compel agency action unlawfully withheld or unreasonably delayed.

## COUNT THREE
## DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201 and 2202

37. Plaintiffs repeat and incorporate by reference each and every allegation in the preceding paragraphs as if set forth fully herein.

38. Plaintiffs are entitled to declaratory relief. There is a substantial and ongoing controversy between Plaintiffs and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that Plaintiffs are Members of the NCUA Board, and the President lacks authority to remove them absent cause.

## COUNT FOUR
## VIOLATION OF THE SEPARATION OF POWERS

39. Plaintiffs repeat and incorporate by reference each and every allegation in the preceding paragraphs as if set forth fully herein.

40. President Trump's purported removal of Plaintiffs is further invalid because it violates Article I, section 8 and Article II, sections 2 and 3 of the U.S. Constitution.

41. The Constitution empowers Congress to set reasonable limitations on the removal of board members of independent agencies, as Congress did (*see supra*), and the Constitution does

not confer on the President an authority to violate Congress's scheme. The President's purported removal of Plaintiffs violates the authorities vested in and exercised by Congress and further violates the President's duty to "take Care that the Laws be faithfully executed."

## COUNT FIVE
## WRIT OF MANDAMUS

42. Plaintiffs repeat and incorporate by reference each and every allegation in the preceding paragraphs as if set forth fully herein.

43. In the alternative, Plaintiffs are entitled to a writ of mandamus. The removal protections set forth in the National Credit Union Administration's organic statute impose a clear, ministerial duty on the President and subordinate officials not to remove Plaintiffs absent cause. *See Swan v. Clinton*, 100 F.3d 973, 977–78 (D.C. Cir. 1996).

44. Plaintiffs are entitled to a writ of mandamus prohibiting their removal from office and, absent this Court granting one of the counts identified above, there is no other adequate means of redress. *See Marbury v. Madison*, 5 U.S. 136 (1803).

## COUNT SIX
## EQUITABLE RELIEF FOR STATUTORY AND
## CONSTITUTIONAL VIOLATIONS

45. Plaintiffs repeat and incorporate by reference each and every allegation in the preceding paragraphs as if set forth fully herein.

46. In the alternative, Plaintiffs are entitled to equitable relief under this Court's equitable jurisdiction to prevent and restrain ongoing violations of both statutory and constitutional federal law by the Defendants.

47. Equitable actions have long been recognized as the proper means to prevent public officials from acting unconstitutionally. Because such actions seek simply to halt or prevent a violation of federal law rather than the award of money damages, they do not ask the Court to

9

imply a new cause of action, and indeed reflect a long history of judicial review of illegal executive action, tracing back to England. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326–27 (2015) (citing *Am. Sch. of Magnetic Healing v. McAnnulty*, 187 U.S. 94, 110 (1902)).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment as follows:

a. Declare that the President's termination of Plaintiffs Todd M. Harper and Tanya F. Otsuka was unlawful, and that they are Members of the National Credit Union Administration Board;

b. Declare that Plaintiffs Todd M. Harper and Tanya F. Otsuka are Members of the National Credit Union Administration Board who may be removed by the President only for cause;

c. Order that Plaintiffs Todd M. Harper and Tanya F. Otsuka may not be removed from their office as Members of the National Credit Union Administration Board or in any way be treated as having been removed, denied or obstructed in accessing any of the benefits or resources of their office, or otherwise be obstructed from their ability to carry out their duties;

d. Order that Plaintiffs Todd M. Harper and Tanya F. Otsuka remain Members of the National Credit Union Administration Board, and order that Defendants Bessent, Fazio, Hauptman, and Morse, may not exercise, authorize, or direct the exercise of any authority with respect to, or on behalf of, the NCUA Board in a manner that disregards their continuing status as Members;

e. Order Defendants Bessent, Fazio, Hauptman, and Morse to provide Plaintiffs Todd M. Harper and Tanya F. Otsuka all rights and privileges attendant to their appointment, including all wages and benefits owed to them as Members of the National Credit Union Administration Board;

f. Award Plaintiffs their attorneys' fees and costs; and

g. Award such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| Dated: | April 28, 2025<br>New York, New York | By: ___/s/ Vincent Levy_____<br>Vincent Levy (NY0487)<br>Denis D. Metin (*Admission forthcoming*)<br>Christopher M. Kim (*Admission forthcoming*)<br>HOLWELL SHUSTER & GOLDBERG LLP<br>425 Lexington Avenue, 14th Floor<br>New York, NY 10017<br>(646) 837-5151<br>vlevy@hsgllp.com<br><br>*Attorneys for Plaintiffs* |

11