UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TODD M. HARPER, in his personal capacity and in his official capacity as a Member of the National Credit Union Administration Board, and TANYA F. OTSUKA, in her personal capacity and in her official capacity as a Member of the National Credit Union Administration Board,<br><br>Plaintiffs,<br><br>-against-<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury, LARRY FAZIO, in his official capacity as Executive Director of the National Credit Union Administration, KYLE S. HAUPTMAN, in his official capacity as Chairman of the National Credit Union Administration Board, TRENT MORSE, in his official capacity as Deputy Assistant to the President and Deputy Director of the White House Presidential Personnel Office, and DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>Defendants. | Civil Action No. 1:25-cv-01294-AHA |

**MOTION FOR EXPEDITION OF
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND
JUDGMENT ON THE MERITS**

Plaintiffs Todd M. Harper and Tanya F. Otsuka respectfully move for expedition of their motion for a preliminary injunction and for judgment on the merits. ECF No. 3.

As set forth in the complaint, this case challenges President Trump's purported termination of plaintiffs' position as Members of the Board of the National Credit Union Administration (NCUA). The complaint alleges that, in purporting to terminate plaintiffs without cause,

1

defendants violated the Federal Credit Union Act, *see* 12 U.S.C. § 1752a, and nearly a century of Supreme Court precedent. ECF No. 1 at 4–6. The President's unprecedented actions have left the NCUA Board without a lawful quorum.

Earlier today, plaintiffs filed a motion for a preliminary injunction and for judgment on the merits to restore their lawful status as Members of the Board. ECF No. 3. As the motion explains, defendants have caused plaintiffs to suffer irreparable harm, as every day that passes without plaintiffs' status being restored cannot be given back to them. Further, the Board of the NCUA is scheduled to hold a meeting on May 22, 2025, at 10:00 a.m. ET.[1] That meeting is set to proceed without plaintiffs' participation. Because the Board is composed of three Members and requires at least two Members to establish a quorum, *see* 12 U.S.C. § 1752a(d), the removal of Plaintiffs has left the Board without the ability to take official Board action.

Plaintiffs respectfully request expedited briefing and expedited consideration of their motion for a preliminary injunction and for judgment on the merits, and request a ruling by May 22, so they may immediately resume their statutory duties and restore the Board's capacity to lawfully conduct business, protect the stability of the credit union system, and carry out Congress's mandate. There is good cause for expediting consideration of plaintiffs' motion. Judges in this District have granted temporary restraining orders in like cases challenging unlawful terminations of agency officials, in recognition of the irreparable harm likely to be suffered. *E.g.*, *Dellinger v. Bessent*, 2025 WL 471022 (D.D.C. Feb. 12, 2025); *Harris v. Bessent*, 2025 WL 521027 (D.D.C. Feb. 18, 2025). Although Plaintiffs seek a preliminary injunction to permit adequate airing of the issues, those decisions highlight the need for expedition of this case. *See also, e.g.*, Order, *LeBlanc*

---

[1] *NCUA Board to Hold Meeting on May 22*, NAT'L CREDIT UNION ADMIN. (Apr. 25, 2025), https://ncua.gov/newsroom/press-release/2025/ncua-board-hold-meeting-may-22.

*v. U.S. Priv. & Civ. Liberties Oversight Bd.*, No. 25-cv-00542-RBW (D.D.C. Mar. 13, 2025), Dkt. No. 11 (expediting consideration of summary-judgment motions challenging termination of executive official); Minute Order, *Wilcox v. Trump*, No. 25-cv-00334-BAH (D.D.C. Feb. 11, 2025) (same).

Because there is no dispute about the facts and the governing law is clear, the Court should expedite plaintiffs' motion for preliminary relief and summary judgment. ECF No. 3. Given the importance of the proper functioning of the Board, the ongoing confusion regarding plaintiffs' status as duly appointed Board Members, and the exigency of the circumstances, plaintiffs respectfully request that the Court give expedited consideration to this motion and set an expedited briefing schedule as the Court finds practicable and appropriate. Moreover, given the scheduled meeting of the Board, plaintiffs respectfully request a ruling on their motion for a preliminary injunction and judgment on the merits by May 22, 2025.

Respectfully submitted,

Dated: April 29, 2025
New York, New York

*/s/ Vincent Levy*
Vincent Levy (NY0487)
Denis D. Metin (*Admission forthcoming*)
Christopher M. Kim (*Admission forthcoming*)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

*Attorneys for Plaintiffs*