UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TODD M. HARPER, in his personal capacity and in his official capacity as a Member of the National Credit Union Administration Board, and TANYA F. OTSUKA, in her personal capacity and in her official capacity as a Member of the National Credit Union Administration Board,<br><br>     Plaintiffs,<br>v.<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury, LARRY FAZIO, in his official capacity as Executive Director of the National Credit Union Administration, KYLE S. HAUPTMAN, in his official capacity as Chairman of the National Credit Union Administration Board, TRENT MORSE, in his official capacity as Deputy Assistant to the President and Deputy Director of the White House Presidential Personnel Office, and DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>     Defendants. | Civil Action No. 1:25-cv-01294-AHA |

**MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE
OF JEFFREY MOATS IN SUPPORT OF DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT**

  Jeffrey Moats respectfully requests leave to file an *amicus curiae* brief in support of Defendants' Cross-Motion for Summary Judgment. The proposed *amicus* brief is attached to this motion. Mr. Moats files this motion and the proposed brief

pursuant to Local Civil Rule 7(o). The Court should grant Mr. Moats leave to file the proposed brief for the reasons set forth below.

## MEMORANDUM OF POINTS AND AUTHORITIES

The District Court's Local Rules provide that an amicus curiae "may file a brief only upon leave of Court." L. Civ. R. 7(o)(1). This Court has wide discretion to grant amici leave to file a brief. In this District:

> An *amicus* brief should normally be allowed when . . . the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1064 (7th Cir. 1997)).

Mr. Moats satisfies *Jin*'s standard. As explained below, Mr. Moats is the plaintiff in a case filed in the Southern District of Texas and currently pending in the Fifth Circuit, wherein Mr. Harper, plaintiff here, is a defendant in his official capacity. In the Southern District of Texas case, Mr. Moats and counsel for Defendants—including Mr. Harper—entered a stipulation of facts that shows that Mr. Harper agreed that board members of the National Credit Union Administration are removable at will by the President. That information is relevant to this Court's consideration of the President's power to remove Mr. Harper.

The *amicus* brief is therefore "desirable," *amicus*'s position is "not adequately represented by a party," and the matters the *amicus* asserts "are relevant to the disposition of the case." L. Civ. R. 7(o)(2).

This motion and the attached *amicus* brief are timely. Local Civil Rule 7(o)(3) states that an "*amicus* brief shall be filed within such time as the Court may allow."

Such a "motion shall be filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter." *Id.* Rule 7(o)(2). The Court is scheduled to hold a hearing on the cross-motions in this case on June 12, 2025. While the parties' briefing on the motions was completed on May 23, 2025, this motion is being filed several days before the hearing, permitting the parties sufficient time to prepare to address the amicus brief—which is only five pages—at the hearing, should they or the Court wish. And, in any event, the Court could take, on its own, judicial notice of the exhibit to the proposed amicus brief—a stipulation entered into by both a plaintiff and a defendant in this case and publicly available on the docket in another federal case. Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Mr. Moats does not request or intend that this motion or the proposed amicus brief delay in any way the Court's ruling on the parties' cross-motions.

## INTEREST OF AMICUS CURIAE

Jeffrey Moats is the respondent in an adjudication pending before the NCUA. Todd Harper, a plaintiff in the litigation before this Court, was a member of the NCUA board at the time it filed the Notice of Charges, Notice of Assessment of Civil Money Penalty, and Notice of Hearing against Jeffrey Moats. In subsequent federal court litigation, Mr. Harper, through counsel, represented that he was removable by the President at will despite the statutory six-year terms established by Section 102(c) of the Federal Credit Union Act, 12 U.S.C. § 1752a(c). In reliance on that stipulation, Mr. Moats dropped his claim that the NCUA board is unconstitutionally

structured because its members were statutorily protected from removal by the President. Mr. Harper is advancing a contrary position in the present case.

## POSITION OF THE PARTIES

Counsel for Mr. Moats asked counsel for the parties for their positions on June 5, 2025. On June 9, 2025, counsel for Defendants consented to the motion and counsel for Plaintiffs advised that they could not consent because briefing on the cross-motions has concluded.

## CONCLUSION

Jeffrey Moats should be permitted to participate as *amicus curiae* in this case and should be permitted to file the proposed *amicus* brief. A proposed order accompanies this motion.

DATED: June 9, 2025.

Respectfully submitted,

/s/ Damien M. Schiff
DAMIEN M. SCHIFF
D.C. Bar No. 90002353
PACIFIC LEGAL FOUNDATION
555 Capitol Mall
Suite 1290
Sacramento, CA 905814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
DSchiff@pacificlegal.org

*Counsel for Amicus Curiae
Jeffrey Moats*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the filing complies with the Local Civil Rules relating to formatting and page limits, being double-spaced, prepared in 12-point proportionally-spaced font, and not exceeding the allotted page or word limits.

DATED: June 9, 2025.

/s/ Damien M. Schiff
DAMIEN M. SCHIFF
*Counsel for Amicus Curiae Jeffrey Moats*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2025, the forgoing document was filed via the court's electronic filing system which effected service on all counsel of record:

| | |
|---|---|
| VINCENT LEVY | YAAKOV M. ROTH |
| DENIS D. METIN | Acting Assistant Attorney General |
| CHRISTOPHER M. KIM | CHRISTOPHER R. HALL |
| Howell Shuster & Goldberg LLP | Assistant Branch Director |
| 425 Lexington Avenue, 14th Floor | ELISABETH J. NEYLAN |
| New York, NY 10017 | U.S. Department of Justice |
| (646) 837-5151 | Civil Division, Federal Programs Branch |
| vlevy@hsgllp.com | 1100 L Street NW |
| *Attorneys for Plaintiffs* | Washington, D.C. 20530 |
| | Tel: (202) 616-3519 |
| | Email: Elisabeth.j.neylan@usdoj.gov |
| | *Attorneys for Defendants* |

s/ Damien M. Schiff
DAMIEN M. SCHIFF
*Counsel for Amicus Curiae Jeffrey Moats*