UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TODD M. HARPER, *et al.*,

                Plaintiffs,

-against-

SCOTT BESSENT, *et al.*,

                Defendants.

Civil Action No. 1:25-cv-01294-AHA

**PLAINTIFFS' OPPOSITION TO JEFFREY MOATS'S MOTION
FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE***

    The Court should deny Jeffrey Moats's motion for leave to file an *amicus* brief in support of defendants' cross-motion for summary judgment. *See* Dkt. 18.

    ***First***, the motion is untimely. Although district courts have discretion to permit amicus briefs, they "often look for guidance to Federal Rule of Appellate Procedure 29." *Nat'l Shooting Sports Found., Inc. v. Brown*, 2025 WL 1530050, at *1 (D. Md. May 29, 2025) (collecting cases). That rule requires that "[a]n amicus curiae must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). This ensures the parties have an opportunity to address an amicus's arguments in briefing. *See* 16AA Wright & Miller, Fed. Prac. & Proc. Juris. § 3975.3 (5th ed.). Moats's motion—filed a month after the cross-motion he purports to support—falls well outside that window. *See* Dkt. 11 (defendants' cross motion, filed May 9, 2025); Dkt. 18 (motion for leave, filed June 9, 2025). Although the undersigned generally consents to timely *amicus* filings, this one is not.

    ***Second***, Moats's proposed *amicus* brief flouts this Circuit's requirement that amicus briefs "must avoid repetition of arguments made in the principal brief." *Heroes Tech. (US) LLC v.*

1

*Consumer Prod. Safety Comm'n*, 2025 WL 1201915 (D.C. Cir. Apr. 18, 2025). With one exception, Moats seeks simply to rehash defendants' legal arguments.

***Third***, there is no merit to the brief's only ostensible contribution—a gesture at some form of estoppel. Moats suggests that the Department of Justice's position in his own prior case against one of the plaintiffs precludes both plaintiffs from taking a different position here. But an estoppel-type argument must be raised, or else it is waived, *Arizona v. California*, 530 U.S. 392, 409–10 (2000), and here, defendants did not raise the point in their brief.

Regardless, no estoppel-type argument is available, even as to Mr. Harper. (Ms. Otsuka was not a party.) Equitable estoppel fails because the defendants here were not parties to that case and did not rely on any representation. *See Konstantinidis v. Chen*, 626 F.2d 933, 937 (D.C. Cir. 1980). Judicial estoppel is inapplicable because the court in Moats's case dismissed for lack of subject-matter jurisdiction and never adopted the stipulation. *See Moats v. Nat'l Credit Union Admin. Bd.*, 2024 WL 1724271, at *4 (S.D. Tex. Apr. 9, 2024); *United States v. Flores*, 912 F.3d 613, 618–19 (D.C. Cir. 2019). And collateral estoppel fails because a factual "stipulation of the parties" is not "'actually litigated' and thus is not a proper candidate for issue preclusion." *Jack Faucett Assocs., Inc. v. AT&T*, 744 F.2d 118, 132 (D.C. Cir. 1984).

In any event, Moats relies on a stipulation cast as one of fact, but which is in reality a stipulation of law concerning the President's removal authority, and "it is well established that judicial admissions on questions of law have no legal effect." *McNamara v. Picken*, 950 F. Supp. 2d 125, 129 (D.D.C. 2013) (cleaned up).

In sum, the motion for leave to file should be denied.

Respectfully submitted,

Dated: June 23, 2025
      New York, New York

/s/ *Vincent Levy*
Vincent Levy (NY0487)
Denis D. Metin (1735816)
Christopher M. Kim (NY0635)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

*Attorneys for plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2025, I caused a true and correct copy of the foregoing document to be served on counsel in the above-referenced action via the Court's ECF system.

*/s/ Vincent Levy*