UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TODD M. HARPER, *et al.*,

                  Plaintiffs,

-against-

SCOTT BESSENT, *et al.*,

                  Defendants.

Civil Action No. 1:25-cv-01294-AHA

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE
OF SUPPLEMENTAL AUTHORITY**

    Defendants overstate the significance of the Supreme Court's decision in *Kennedy v. Braidwood Management, Inc.*, No. 24-316 (U.S. June 27, 2025) (slip op.). Dkt. 26. The Court addressed a distinct question—whether members of the U.S. Preventive Services Task Force were principal or inferior officers—and found that the absence of a for-cause removal provision reinforced other statutory indicia of their inferior-officer status. Slip Op. at 10, 20.

    In the passage defendants highlight, the Court reiterated the unremarkable point that the "word 'independent' *alone* in a statute does not make an officer removable only for cause." *Id.* at 20 (emphasis added). Construing the term "independent" in context, the Court went on to explain that "the requirement that Task Force members be 'independent' is best read to mean that Task Force members must not be unduly influenced by their outside affiliations," and, moreover, "to read the term 'independent' to mean that Task Force members must be entirely shielded from political pressure would nullify Congress's purposeful choice of language—'to the extent practicable'—in the remainder of the provision." *Id.* at 21–22.

    That has little relevance here. Plaintiffs do not just rely on an inference from the use of the word "independent" in the NCUA's organic statute, but rather on the statute's text and structure,

1

and the context of its adoption—as well as the parallels between the NCUA Board's structure and functions and those of the FTC analyzed in *Humphrey's Executor*.

As explained in briefing and argument, these statutory elements and ordinary canons of construction all confirm Congress's decision to insulate the NCUA Board from removal other than for cause. Congress acted in response to President Ford's firing of the NCUA Administrator by making clear that Board members were not to serve at "the pleasure of the President." Dkt. 3-1 ("Pls. Br.") at 2–5, 13–16. Congress not only excised the "pleasure of the President" provision from the NCUA's organic statute, but it also adopted a new bipartisan, three-member expert Board consisting of members serving staggered terms. *Id.* That new, staggered structure—paired with the Board's quasi-legislative and quasi-adjudicative functions—mirrors the design the Supreme Court recognized as removal-protected in *Humphrey's Executor* and *Wiener*—and, in the case of *Wiener*, that was so despite there being no express removal restriction. Pls. Br. 16–21. That background, too, is strong statutory evidence. *See Fischer v. United States*, 603 U.S. 480, 491–92 (2024); *Severino v. Biden*, 71 F.4th 1038, 1044–46 (D.C. Cir. 2023).

Congress also spoke clearly by deliberately modeling the post-1978 NCUA on financial regulators like the Federal Reserve System and the FDIC, whose statutes omit express removal protections for the Chair of the Federal Reserve Board and FDIC Board members but are universally understood to require cause. Pls. Br. 18–19. Defendants' overreading of *Braidwood* would sweep far beyond this case, casting doubt on the removal protections long understood to apply to the very regulators on which the NCUA was modeled. That, in turn, risks precisely the kind of financial instability the Court in *Swan v. Clinton* warned could follow from even the perception of diminished independence, 100 F.3d 973, 984 (D.C. Cir. 1996)—including runs on banks (for the FDIC) and credit unions (for the NCUA), leading to the kind of systemic disruption

that shook the Nation during the Great Depression and that Congress sought to prevent when it established modern financial-institution regulators like the NCUA.

<table>
<tr><td>Dated: June 30, 2025<br>New York, New York</td><td>Respectfully submitted,<br><br>/s/ Vincent Levy<br>Vincent Levy (NY0487)<br>Denis D. Metin (1735816)<br>Christopher M. Kim (NY0635)<br>HOLWELL SHUSTER & GOLDBERG LLP<br>425 Lexington Avenue, 14th Floor<br>New York, NY 10017<br>(646) 837-5151<br>vlevy@hsgllp.com<br><br>*Attorneys for Plaintiffs*</td></tr>
</table>