UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TODD M. HARPER, *et al.*,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>SCOTT BESSENT, *et al.*,<br><br>   *Defendants*. | Civil Action No. 25-01294 (AHA) |

### Order

On July 22, 2025, the Court granted Plaintiffs' motion for summary judgment, concluding their removal as National Credit Union Administration ("NCUA") Board members was unlawful. *Harper v. Bessent*, No. 25-cv-01294, 2025 WL 2049207, at *13 (D.D.C. July 22, 2025). The Court issued a declaratory judgment and a permanent injunction ordering de facto reinstatement. *Id.* The government has moved to stay the Court's order pending appeal. ECF No. 31. As discussed herein, the government's motion does not satisfy the stay criteria. The stay motion and reply, like the government's merits arguments, fail to appreciate that the NCUA's predominant role is overseeing financial institutions in a manner similar to the Federal Reserve and Federal Deposit Insurance Corporation, rather than exercising "considerable executive power." *Trump v. Wilcox*, 145 S. Ct. 1415, 1415 (2025).

"A stay is an intrusion into the ordinary processes of administration and judicial review and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks and citation omitted). The court considers: "(1) whether the stay applicant has made a strong showing that he

is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434.

The government has not satisfied these criteria. For the reasons in the Court's opinion, the government is not likely to succeed on the merits of its argument that NCUA Board members must be removable at will. *See Harper*, 2025 WL 2049207, at *3–10. In its stay motion, the government simply states that it "respectfully disagrees with the Court's analysis" and reiterates arguments that the Court has already rejected. ECF No. 31 at 3–4. This falls well short of the "strong showing" required to obtain a stay pending appeal. *See Nken*, 556 U.S. at 434.

The government points to recent stay orders in cases involving the removal of executive officers. ECF No. 31 at 2–3 (citing *Wilcox*, 145 S. Ct. 1415; *Grundmann v. Trump*, No. 25-5165, 2025 WL 1840641 (D.C. Cir. July 3, 2025); *LeBlanc v. U.S. Priv. & C.L. Oversight Bd.*, No. 25-5197, 2025 WL 1840591 (D.C. Cir. July 1, 2025)). The government offers only a conclusory assertion that "the Supreme Court's logic" in staying the orders at issue in *Wilcox* "compels the same result here." *Id.* at 4; *see Wilcox*, 145 S. Ct. at 1415 ("The stay reflects our judgment that the Government is likely to show that both the [National Labor Relations Board] and [Merit Systems Protection Board] exercise considerable executive power."). As Plaintiffs observe, however, the NCUA Board does not resemble agencies at issue in those decisions because "[i]t does not set federal policy for society at large in broad areas like labor (as the NLRB and the [Federal Labor Relations Authority] do), and it also does not oversee the functioning of the executive branch by considering federal-employee appeals (like the MSPB)." ECF No. 33 at 3; *cf. Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 215 (2020) ("[T]he contours of the *Humphrey's Executor* exception depend upon the characteristics of the agency before the Court."). Instead, the

NCUA, much like the Federal Reserve and the Federal Deposit Insurance Corporation, regulates private financial institutions. ECF No. 33 at 3; *see Harper*, 2025 WL 2049207, at *9 (discussing similarities between the NCUA and the Federal Reserve and noting that the government "all but concedes that its position as to the NCUA would lead to the same conclusion as to the Federal Reserve"); *see also Swan v. Clinton*, 100 F.3d 973, 983 (D.C. Cir. 1996) ("Independence from presidential control is arguably important if agencies charged with regulating financial institutions, such as the NCUA, are to successfully fulfill their responsibilities; people will likely have greater confidence in financial institutions if they believe that the regulation of these institutions is immune from political influence.").

The government has also failed to show irreparable harm or that the balance of the equities and the public interest support a stay. It returns to the argument that the Supreme Court's analysis in *Wilcox* "controls here." ECF No. 31 at 5; *see also Trump v. Boyle*, 606 U.S. __, No. 25A11, 2025 WL 2056889 (U.S. July 23, 2025) ("Although our interim orders are not conclusive as to the merits, they inform how a court should exercise its equitable discretion in like cases."). But again, the government was likely to show those agencies exercise "considerable executive power." *Wilcox*, 145 S. Ct. at 1415; *see also Boyle*, 606 U.S. at __, 2025 WL 2056889 (granting stay because "the Consumer Product Safety Commission exercises executive power in a similar manner as the National Labor Relations Board, and the case does not otherwise differ from *Wilcox* in any pertinent respect"). As this Court has explained, the NCUA does not wield the kind of substantial executive power that would preclude for-cause removal protection, and the agency's independence is particularly important because of its key role as a financial regulator. *Harper*, 2025 WL 2049207, at *8–9. The government has not made any showing specific to this case that Plaintiffs' continued service on the NCUA Board constitutes an intrusion on executive power warranting a

3

stay. *Cf. Associated Press v. Budowich*, No. 25-5109, 2025 WL 1649265, at *4 (D.C. Cir. June 6, 2025) (noting that "a stay is an exercise of equitable discretion, and therefore '[t]he propriety of its issue . . . depend[s] upon the circumstances of the particular case" (alterations and omission in original) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926))).[1] On the other side of the scale, the Court has already concluded that Plaintiffs and the NCUA Board would be irreparably harmed absent injunctive relief because they "have been deprived of the ability to carry out their congressional mandate." *Harper*, 2025 WL 2049207, at *13 (quoting *Wilcox v. Trump*, 775 F. Supp. 3d 215, 236 (D.D.C. 2025), *appeal docketed*, No. 25-5057 (D.C. Cir. Mar. 7, 2025)). The government does not explain why its stay arguments would not apply equally to removal of the Chair of the Federal Reserve or Federal Deposit Insurance Corporation Board members—indeed, neither its stay motion nor reply mentions the agencies, let alone propose a meaningful limiting principle.

For these reasons, the government's motion for a stay pending appeal, ECF No. 31, is denied.

_____
AMIR H. ALI
United States District Judge

Date:   July 24, 2025

---

[1]  The government offers a generalized assertion that the Court's order is "an extraordinary intrusion into the President's authority." ECF No. 31 at 2. It offers no support for that assertion that is grounded in the actual role of the NCUA; indeed, the stay motion and reply do not even mention that the NCUA Board convened for a meeting this morning with Plaintiffs present, let alone suggest any harm to executive authority or function. *See* ECF No. 33 at 5–6.